**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

SELECTIVE INSURANCE COMPANY
OF THE SOUTHEAST, a foreign
Corporation

      Plaintiff,

vs.                                                                          CASE NO. 1:15-cv-21333

WILLIAM P. WHITE RACING
STABLES, INC., a Florida Corporation,
JAMES RIVERA, individually, and
JAMES and JUNE Rivera, as parents and
natural guardians of MARISSA RIVERA
and RUTH RIVERA,

      Defendants.
_____/

## MOTION TO INTERVENE

CALDER RACE COURSE, INC. ("Calder"), through its undersigned counsel and pursuant to Rule 24(b) of the Federal Rule of Civil Procedure files this Motion to Intervene and in support thereof states:

1.    Plaintiff, Selective Insurance Company of the Southeast ("Selective") seeks a declaration that it does not owe a duty to defend or indemnity White Racing in the underlying action.

2.    The underlying action, styled *James Rivera et al v. Calder Race Course LLC, et al.* pending as Case No.: CACE 12031948 in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida alleging causes of action against numerous defendants, including William P. White Racing Stables, Inc., following an accident where James Rivera was rendered a quadriplegic while riding a horse on Calder's premises.

3. Specifically, Plaintiffs alleged causes of action against White for violation of Florida's workers compensation statute and spoliation of evidence. [D.E. 1-5]

4. Additionally, Plaintiff alleged causes of action against Calder for negligence, premises liability, and vicarious liability. [D.E. 1-5]

5. William P. White entered into a contract with Calder whereby White agreed to indemnify Calder. [D.E. 1-5 at p.54].

6. Specifically, White agreed to "indemnify, defend, and hold Calder and its affiliates, and their respective principals, officers and directors, agents, representatives and employees harmless from any claims, loss, liability or demands whatsoever . . . arising directly or indirectly from the acts or omissions of trainer and its agents, servants, employees, owner(s) for invitees arising, whether in whole or in part out of or in connection with, Trainer's activities at Calder's facilities." [D.E. 1-5 at p.54].

7. In addition to the contractual indemnity claim pursuant to the agreement, Calder also has a claim against White for Common Law Indemnity.

8. Calder seeks to intervene for the purpose of protecting its right to seek indemnification from White.

9. Just as Plaintiffs have been named in the declaratory judgment action filed by Selective in this matter, Calder seeks to intervene in order to protect its right to indemnification from White through its carrier.

10. The Court's determination on Selective's request for declaratory relief will greatly impact Calder's right to indemnification from White.

11. Undersigned counsel has contacted the parties to this litigation to confer regarding the relief sought herein. Counsel for Selective advised that they object to Calder's Motion to Intervene. Counsel for White advised that White has no objection to the relief sought herein.

## MEMORANDUM OF LAW

Calder moves to intervene pursuant to Fed. R. Civ. P. 24(b)(2) which permits intervention "when an applicant's claim or defense and the main action have a question of law or fact in common." Permissive intervention is a matter "wholly discretionary with the [district] court." *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 471 (5th Cir. 1984). In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties. *Bush v. Viterna*, 740 F.2d 350, 358-359 (5th Cir. 1984). The court may consider other factors, such as whether the intervenors are adequately represented by other parties and whether the intervenors are likely to contribute to the development of the underlying factual issues. *League of United Latin Am. Citizens, Council No. 4434 v. Clements*, 884 F.2d 185, 189 (5th Cir. 1989).

"Permissive intervention under Federal Rule of Civil Procedure 24(b) is appropriate where a party's claim or defense and the main action have a question of law or fact in common and the intervention will not unduly prejudice or delay the adjudication of the rights of the original parties." *Mount Hawley Ins. Co. v. Sandy Lake Properties, Inc.*, 425 F.3d 1308, 1312 (11th Cir. 2005).

Calder meets the requirements for permissive intervention. The Complaint indisputably has "a question of law or fact in common" with the claims of Calder. Calder's claim is tied to the same operative facts and law - that is, whether White, and by extension Selective, are liable for indemnity.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

A final consideration for permissive intervention under Rule 24(b)(2) is that the proposed intervenor must have a claim or defense which shares a common question of law or fact with the underlying action. Fed.R.Civ.P. 24(b)(2). Rule 24(b)(2) "plainly dispenses with any requirement that the intervenor shall have a direct or pecuniary interest in the subject of the litigation ." *SEC v. U.S. Realty & Imp. Co*., 310 U.S. 434, 459, 60 S.Ct. 1044, 84 L.Ed. 1293 (1940). Thus, the claim or defense clause of Rule 24(b)(2) is generally given a liberal construction. See *Stallworth v. Monsanto Co*., 558 F.2d 257, 269 (5th Cir.1977) (citations omitted). Permissive intervention only "requires an interest sufficient to support a legal claim or defense." *Laube v. Campbell*, 215 F.R.D. 655, 659 (N.D.Ala.2003) (citing *Diamond v. Charles*, 476 U.S. 54, 77, 106 S.Ct. 1697, 90 L.Ed.2d 48 (1986)).

Here, the common question of law or fact is the issue of whether White's insurer, Selective, is liable for a judgment against White. Here, Calder has claims against White for indemnification. Accordingly, Calder has an interest in the action as whether White's insurer has a duty to indemnify White affects Calder's ability to collect on its claims for indemnification.

In deciding timeliness on a motion to intervene, courts consider the following factors:

> (1) the length of time during which the proposed intervenor knew or reasonably should have known of the interest in the case before moving to intervene; (2) the extent of prejudice to the existing parties as a result of the proposed intervenor's failure to move for intervention as soon as it knew or reasonably should have known of its interest; (3) the extent of prejudice to the proposed intervenor if the motion is denied; and (4) the existence of unusual circumstances militating either for or against a determination that their motion was timely.

12.   *Georgia v. United States Army Corp. of Engineers*, 302 F.3d 1242, 1259 (11th Cir.2002). Calder's motion to intervene is timely. *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir.1989). In *Chiles*, the Eleventh Circuit concluded that a motion to intervene filed within

7 months after the Complaint was filed was timely. Here, this motion to intervene is being filed within 7 months of the filing of the original complaint. Additionally, no prejudice will result from the granting of this motion to intervene. The parties have filed motions to dismiss and any discovery is in the beginning stages. *Id.* Additionally, should Calder be permitted to intervene, it will not multiply the issues of parties. *Id.*; *Davis v. Southern Bell Tel. & Tel. Co.*, 149 F.R.D. 666, 670 (S.D.Fla.1993) (no prejudice shown when there was no evidence intervenor would attempt to multiply issues or parties). Thus, Calder has met the requirements for permissive intervention.

Furthermore, Underlying Plaintiffs have been named in the declaratory judgment action filed by Selective in this matter. Just as Selective acknowledges the interest at issue for the underlying Plaintiffs, Calder seeks to intervene in order to protect its right to indemnification from White through its carrier, Selective. The Court's determination on Selective' s request for declaratory relief will greatly impact Calder's right to indemnification from White.

Because Calder satisfies the criteria for permissive intervention, it is entitled to intervene in the above-captioned matter pursuant to Rule 24(b). [1]

## CONCLUSION

For all the reasons set forth above, Calder respectfully urges this Court to grant its Motion to Intervene.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of November, 2015, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List

---

[1] Should the Court require a copy of the draft Complaint against White, Calder respectfully requests leave to file the appropriate Complaint.

in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Noticed of Electronic Filing.

          COLE, SCOTT & KISSANE, P.A.
          Attorneys for Defendants
          Cole Scott & Kissane Building
          9150 South Dadeland Boulevard – Suite 1400
          Miami, FL  33156
          Telephone:  (305) 350-5346
          Facsimile: (305) 373-2294

BY:  */ s /  Brian Dominguez*
      George Hooker, Esquire
      Brian Dominguez, Esquire

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX